Jane C. HUFF, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. C-78-WS-62.

United States District Court
M. D. North Carolina,
Winston-Salem Division.

Oct. 22, 1962.

---

James M. Hayes, Winston-Salem, N. C., for plaintiff.

William H. Murdock, U. S. Atty., for defendant.

PREYER, District Judge.

This action was brought by the plaintiff, Jane C. Huff, against the Secretary of Health, Education and Welfare, under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for judicial review of a final decision of the Secretary. The decision complained of disallowed the plaintiff's claim for child's insurance benefits under section 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d), based on the earnings record of her mother, Isla B. Huff. Both parties have moved for summary judgment.

■ There is one issue for our determination: Whether the transcript of the record contains substantial evidence to support the Secretary's finding that the plaintiff did not show that her mother contributed at least one-half of her support for the period in question. If there is substantial evidence in the record to support the finding of the trial examiner this court cannot set it aside. 42 U.S. C.A. § 405(g).

The court will not attempt to set out the evidence in any detail as it is ade-quately set out in the record. We find that there is substantial evidence in the record to uphold the trial examiner's finding that plaintiff has not borne the burden of proving by substantial and credible evidence all factors entitling her to the relief sought.

The evidence, while being in conflict, indicates that her mother did contribute to plaintiff's support during the critical period. However, we believe, based upon the record, that the amount of such contribution is conjectural. The only real evidence that Mrs. Huff did contribute the alleged amount is her statements that she did and admittedly these statements are only estimates of expenditures which occurred years ago. There were statements of others tending to prove the alleged contributions, but how these people knew the amount she contributed is not shown. There were statements of some relatives that they knew she had $2500 saved. On the other hand, the statement contained in exhibit five that Mr. Huff contributed $1416 to plaintiff's support and not mentioning any amount contributed by Mrs. Huff gives rise to the inference that Mrs. Huff contributed nothing. Mrs. Huff stated that her husband made about $1300 in 1951 and he later says he made about $4500. Mrs. Huff had no income after 1947 except what she made at home by sewing. During the period encompassing the years 1937 to 1947 Mrs. Huff reported about $9,000 as income. Out of this amount plus what she picked up sewing from 1947 through 1950 she contends she saved $2500. We do not pass any opinion on the credibility of this testimony, but it is easy to see that it might be disbelieved unless documented.

We understand and sympathize with the plaintiff in her attempt to prove her claim. The events in question took place several years ago, and the evidence she needed was unavailable, and it may be that if she had this evidence, she would be entitled to the relief sought. However, taking the record as it is, we believe the amount which Mrs. Huff contributed to plaintiff's support is in doubt.

896

■ We find that there is substantial evidence in the record to support the findings of the trial examiner, and we must affirm his decision. Therefore, the motion of the plaintiff for summary judgment is denied, and that of the defendant is granted. The defendant is requested to prepare an appropriate order.